IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:04CV64** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JAY JAMES JACKSON,** | ) | |
| **KATHLEEN M. JACKSON and** | ) | |
| **JACKSON SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the plaintiff's Motion to Re-Open Discovery (Filing No. 91).[1] The plaintiff filed a brief (Filing No. 87) and an index of evidence (Filing No. 88). The defendants filed a brief (Filing No. 92) and an index of evidence (Filing No. 93) in opposition to the motion. In response, the plaintiff filed a reply brief (Filing No. 94) and a declaration (Filing No. 95) in support of the motion.

## BACKGROUND

The United States filed this case under Section 107(a) of the Comprehensive Environmental Liability, Response and Compensation Act (CERCLA), 42 U.S.C. § 9607(a) to recover costs incurred by the Environmental Protection Agency (EPA) in responding to the release of hazardous substances at the 10th Street Superfund Site located in Columbus, Nebraska. Pursuant to Section 107(a)(1), current owners and operators of a facility from which there has been a release of hazardous substances are liable for all response costs incurred by the United States in responding to that Release. 42 U.S.C. § 9607(a). The United States' Complaint alleges the property located at 960 24th Avenue in Columbus, Nebraska is part of the Site and a Facility under CERCLA. The United States alleges that on November 26, 2002, Jay James Jackson and Kathleen Jackson responded to certain administrative

---

[1] The motion was initially filed as Filing No. 86, but later stricken and refiled.

information requests served upon them by the EPA pursuant to Section 104(e) of CERCLA. 42 U.S.C. § 9604(e). In those responses Jay James Jackson and Kathleen Jackson stated that the 24th Avenue property was sold to them on November 1, 1976 and that such conveyance was finalized and recorded on March 10, 1989. On February 18, 2004, the United States filed its Complaint in this action which alleged that Jay James and Kathleen Jackson were the owners of the property located at 960 24th Avenue, Columbus, Nebraska. **See** Filing No. 1. At the time the United States filed its Complaint in this matter, records at the Register of Deeds for Platte County, Nebraska reflected that the 24th Avenue property was owned by James and Kathleen Jackson personally. Additionally, on April 7 and 8, 2005, Jay Jackson and Kathleen Jackson respectively testified in their depositions that they personally owned the 24th Avenue property.

The court entered progression orders in this matter initially setting the deadline for discovery of July 25, 2005. **See** Filing No. 20. The deadline for discovery was later extended until August 8, 2005. **See** Filing No. 36. On September 28, 2005, after the close of discovery, the defendants produced a document, dated May 2, 1977, which purports to be an assignment of the real property from Jay and Kathleen Jackson to Jackson Fine Linen Services, Inc. On November 7, 2005, the defendants supplemented their discovery responses with a letter stating:

> On May 2, 1977, Jay J. Jackson and Kathy M. Jackson assigned the real property to Jackson Fine Linen Services, Inc. See Exhibit 12A [Filing No. 88, Exhibit 4]. With the discovery of this Assignment, it was determined that the deed filed and included as Exhibit 12 had been superseded and a new deed was prepared and filed on October 27, 2005. See Exhibit 12B [Filing No. 88, Exhibit 5].

**See** Filing No. 88, Exhibit 5.

The Warranty Deed executed on October 27, 2005, states Jay J. Jackson and Kathy M. Jackson conveyed the subject property to Jackson Fine Linen Service, Inc. *Id.* The United States filed the motion to re-open discovery on November 21, 2005. **See** Filing No. 86.

The United States argues the issue of ownership of the subject property is a fundamental element in this case. Therefore, the United States requests that discovery be re-opened on the specific limited issues as follows:

1. Jay and Kathleen Jackson's alleged assignment of the property located at 960 24th Avenue in Columbus, Nebraska and their ownership of other facilities at the Site;

2. Whether Jay and Kathleen Jackson are liable as equitable owners of the property or as nominees of Jackson Services, Inc.;

3. Piercing the corporate veil between Jay and Kathleen Jackson and Jackson Services, Inc.;

4. Whether Jay and/or Kathleen Jackson "operated" a facility at the time of disposal within the meaning of CERCLA, 42 U.S.C. § 9601 *et seq.*; and

5. Why the defendants did not reveal the existence of the purported assignment dated May 2, 1977 in their original response to the EPA's request for information pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

**See** Filing No. 91, Attachment - Proposed Order; Filing No. 87 (Plaintiff's Brief).

In the alternative, the United States requests that the court judicially or equitably estop the defendants from contesting ownership of the 24th Avenue property.

The defendants oppose the re-opening of discovery. The defendants oppose the motion because the motion is vague and additional discovery will cause undue delay, will result in unreasonably duplicative or cumulative discovery and is unnecessary because the defendants do not have any additional responsive information.

## ANALYSIS

Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause." "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983

amendment)); **see** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Additionally, under Rule 26(b) the court may impose limits on discovery including the duration, extent and scope of discovery. Specifically,

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2).

Rule 16(b) and Rule 26 must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Within this framework, the court must determine whether to allow the plaintiff to conduct additional discovery and, if so, the scope of the additional discovery.

### A. Re-open Discovery

The evidence shows the defendants repeatedly stated the 24th Avenue property was owned by James and Kathleen Jackson personally. After the close of discovery, the defendants informed the United States that such property had been assigned to Jackson Fine Linen Services, Inc. and thereafter the defendants conveyed the property to Jackson Fine Linen Service, Inc. The defendants do not dispute the chronology of these facts. Also, the defendants fail to show undue prejudice would occur by allowing a brief period of additional

discovery. However, the defendants contend the reasons for denying additional discovery include the vagueness, delay or scope of the additional discovery sought. The court will evaluate the scope of discovery below. The United States has shown good cause for re-opening discovery due to the defendants' inconsistent discovery responses and their material nature. The United States shall have an opportunity to examine the new and conflicting information. Accordingly, the court will grant the plaintiff additional time to complete discovery until February 24, 2006.

### B.     Scope of Discovery

The United States listed five areas for additional discovery. The defendants contend the United States has had liberal discovery on all issues and that all known and relevant documents have been produced. Additionally, the defendants state they have corrected or supplemented any incorrect information which has eliminated any possible prejudice to the United States. The defendants argue the discovery sought would be cumulative or duplicative and an unnecessary expense because the plaintiff has already received all information or had an opportunity to obtain the information during the previous discovery period.

The United States disputes whether all available discovery has been produced given the late production regarding ownership of the property and other discovery produced in December 2005, specifically a 1977 assignment of dry cleaning machinery and equipment associated with the subject property. Further, the United States contends that although it had an opportunity to seek discovery on a number of issues during the previous discovery period, it focused discovery on discrete issues based on the defendants' discovery responses and the, then stated, ownership of the property. The United States argues had it been given more accurate discovery it would have pursued different issues during discovery such as the additional discovery listed.

The first issue listed by the United States for discovery is to explore Jay and Kathleen Jackson's alleged assignment of the property located at 960 24th Avenue in Columbus, Nebraska and their ownership of other facilities at the Site. The court will grant the plaintiff the opportunity to conduct additional discovery about the assignment of the property. However,

there is no evidence before the court which would support the necessity of expanding the scope of discovery, at this late date, to the individual defendants' possible ownership of other facilities at the Site.

The court will allow the United States to pursue discovery on the other issues it seeks, namely:

2. Whether Jay and Kathleen Jackson are liable as equitable owners of the property or as nominees of Jackson Services, Inc.;

3. Piercing the corporate veil between Jay and Kathleen Jackson and Jackson Services, Inc.;

4. Whether Jay and/or Kathleen Jackson "operated" a facility at the time of disposal within the meaning of CERCLA, 42 U.S.C. § 9601 *et seq.*; and

5. Why the defendants did not reveal the existence of the purported assignment dated May 2, 1977 in their original response to the EPA's request for information pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

The United States has not given any indication for a proposed time frame for the discovery sought. It appears only a short time period is necessary, however, based on the narrow scope of the additional discovery and the defendants' assertions that little if any additional discovery is available. Further, the defendants are concerned about postponing the current trial date. The defendants state they quickly responded to an EPA request related to the assignment and conveyance of the subject property purposefully to curtail any delay of this matter. Any delay related to the additional discovery, but attributed to the defendants may delay trial of this matter. The pretrial conference in this matter was scheduled for March 1, 2006, and a bench trial is scheduled before Chief Judge Joseph F. Bataillon on March 22, 2006. **See** Filing No. 36. There is no need to continue the trial. However, the court will briefly continue the pretrial conference to facilitate trial preparation. The United States fails to specify the means necessary to obtain the additional discovery. The defendants note, however, the United States has completed the depositions of the individual defendants. Therefore, as part of the additional discovery the plaintiff may re-depose the defendants for a period of no more than three hours each. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Re-Open Discovery (Filing No. 91) is granted in part and denied in part. The plaintiff is granted additional time to complete discovery until February 24, 2006. As part of the discovery the plaintiff may re-depose the defendants for a period of no more than three hours each. The plaintiff may engage in discovery on the following topics.

    a. Jay and Kathleen Jackson's alleged assignment of the property located at 960 24th Avenue in Columbus, Nebraska;

    b. Whether Jay and Kathleen Jackson are liable as equitable owners of the property or as nominees of Jackson Services, Inc.;

    c. Piercing the corporate veil between Jay and Kathleen Jackson and Jackson Services, Inc.;

    d. Whether Jay and/or Kathleen Jackson "operated" a facility at the time of disposal within the meaning of CERCLA, 42 U.S.C. § 9601 *et seq.*; and

    e. Why the defendants did not reveal the existence of the purported assignment dated May 2, 1977 in their original response to the EPA's request for information pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

In all other respects, the plaintiff's motion is denied.

2. The pretrial conference is continued from March 1, 2006, **until March 10, 2006, at 10:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. All other deadlines contained in the May 5, 2005 Amended Final Progression Order remain unaltered except that the deadlines for disclosure of deposition testimony, discovery and exhibits for trial and motions *in limine* related to newly discovered evidence are extended by fourteen (14) days.

DATED this 6th day of January, 2006.

                              BY THE COURT:

                              s/Thomas D. Thalken
                              United States Magistrate Judge