FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 JUN 23  PM 3: 29

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 8:04cv64 |
| | ) |
| JAY AND KATHLEEN JACKSON, and | ) |
| JACKSON SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), seeking injunctive relief and reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the 10th Street Superfund Site (formerly known as the Columbus, Nebraska Public Water Supply Superfund Site) in Columbus, Nebraska ("the Site").

B. The defendants who have entered into this Consent Decree ("Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree

C.  The United States and Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Defendants and their heirs, successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendants under this Consent Decree.  Within 30 days of any change in ownership or corporate or other legal status affecting Defendants' obligations under this Consent Decree, Defendants shall provide the United States with notice of the change, in accordance with Section XVI (Notices and Submissions) of this Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "Defendants" and "Settling Defendants" shall mean Jay J. Jackson, Kathleen M. Jackson and Jackson Services, Inc.

e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. The "Final Record of Decision for OU2" or "Final OU2 ROD" means the "Final Record of Decision for OU2" relating to the Site signed on September 29, 2005 by the

Regional Administrator, EPA Region 7, or his/her delegatee, and all attachments thereto.

I. "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j. The "Interim Record of Decision for OU2" or "Interim OU2 ROD" means the EPA "Interim Record of Decision for OU2" relating to the Site signed on September 20, 2001 by the Regional Administrator, EPA Region 7, or his/her delegatee, and all attachments thereto.

k. "Owner settling defendant" shall mean Jackson Services, Inc.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and the Defendants.

n. "Plaintiff" shall mean the United States.

o. "Property" shall mean that portion of the Site that is owned by Owner Settling Defendants as of March 1, 2006. The Property is located at 960 24th Avenue in Columbus, Platte County, Nebraska, and is designated by the following property description: Lot Eight (8) and the East 50 feet of Lot Seven (7), in Block One Hundred Twenty-Eight (128) of the Original City of Columbus, Platte County, Nebraska.

p. "Record of Decision for OU1" or "OU1 ROD" shall mean the EPA Record of Decision relating to the Site signed on February 23, 1995 by the Regional Administrator, EPA Region 7, or his/her delegatee, and all attachments thereto.

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                    4

q.  "Remedial Action" shall mean those activities, except for Operation and Maintenance, to be undertaken to implement the OU1 ROD, the Interim OU2 ROD, or the Final OU2 ROD.

r.  "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

s.  "Site" shall mean the 10th Street Superfund Site (including Operable Units 1 and 2), encompassing a contaminant plume, approximately 430 acres in size, located between 23rd and 6th Streets from north to south and between 18th Avenue and 32nd Avenue from east to west in Columbus, Platte County, Nebraska, and depicted more clearly on the maps included in Appendix A.

t.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  STATEMENT OF PURPOSE

4.   By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment in accordance with Section VI (Reimbursement of Response Costs) in order to address their alleged liability for the Site as provided in Section VIII (Covenant Not to Sue by Plaintiffs) and subject to Section IX (Reservations of Rights by the United States).   By making such payment, Defendants do not admit to any liability.

## VI.  REIMBURSEMENT OF RESPONSE COSTS

5.   Within 30 days of entry of the Consent Decree  Defendants shall pay to the United States and EPA the amount of $700,000.00.

a.   Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                          5

USAO File Number DOJ2002v00382, EPA Region 7, and Site Spill ID Number 07CS OU1, and

DOJ Case Number 90-11-2-07430. Payment shall be made in accordance with instructions

provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in

the District of Nebraska following lodging of the Consent Decree. Any payments received by

the Department of Justice after 4:00 pm Eastern Time shall be credited on the next business day.

b. At the time of payment, Defendants shall send notice that payment has been

made to EPA and DOJ in accordance with Section XVI (Notices and Submissions) and to Linda

Long, Regional Financial Management Officer, Office of Policy and Management, Resources &

Financial Management Branch, U.S. Environmental Protection Agency, 901 North 5th Street,

Kansas City, KS, 66101. Such notice shall reference the EPA Region and Site-Spill ID number

07CS OU1 and the Civil Action Number 8:04CV64 (District of Nebraska).

c. All amounts paid pursuant to this paragraph shall be deposited in the 10th

Street Superfund Site Special Account within the EPA Hazardous Substance Superfund to be

retained and used to conduct or finance response actions at or in connection with the Site, or to

be transferred by EPA to the EPA Hazardous Substance Superfund.

### VII.  FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

6. Interest on Late Payments. In the event that any payment required by Section VI

(Reimbursement of Response Costs) or Section VII, Paragraph 7 (Failure to Comply with

Requirements of Consent Decree), is not received when due, Interest shall continue to accrue on

the unpaid balance through the date of payment.

7. Stipulated Penalties.

a. If any amounts due to EPA under this Consent Decree are not paid by the

required date, Defendants shall pay to EPA, as a stipulated penalty, in addition to the Interest

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                          6

required by Paragraph 6, $100 per violation per day that such payment is late.

b. If Defendants do not comply with Section XII (Site Access/Institutional Controls), Defendants shall pay to EPA, as a stipulated penalty, $100 per violation per day of such noncompliance.

c. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> Mellon Bank
> EPA Region 7
> Hazardous Substance Response Fund
> P.O. Box 360748M
> Pittsburgh, PA  15251

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 07CS OU1, USAO File Number DOJ2002v00382, and DOJ Case Number 90-11-2-07430 and the Civil Action Number 8:04CV64 (District of Nebraska). Copies of checks paid pursuant to this Paragraph, and any accompanying transmittal letters, shall be sent to EPA and DOJ as provided in Section XVI (Notices and Submissions) and to Linda Long, Regional Financial Management Officer, Office of Policy and Management, Resources & Financial Management Branch, U.S. Environmental Protection Agency, 901 North 5th Street, Kansas City, KS, 66101.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due

or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8. If the United States brings an action to enforce this Consent Decree, Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time, unless the Federal District Court orders otherwise.

9. Payments made under Paragraphs 6,7 and 8 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

10. The obligations of Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Defendants to make the payments required under this Consent Decree, the remaining Defendants shall be responsible for such payments.

11. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

12. Except as specifically provided in Section IX (Reservation of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendants pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), with regard to the Site. This covenant shall take effect upon receipt by EPA of all payments required by Section VI (Reimbursement of Response Costs) and any amount due under Section VII (Failure to Comply with Requirements of Consent Decree) and receipt by EPA of the certified

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                                    8

copy of the original recorded easement in accordance with Section XII (Site Access/Institutional Controls) of this Consent Decree.  This covenant not to sue extends only to Settling Defendants and does not extend to any other person. This covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Consent Decree.

## IX. <u>RESERVATION OF RIGHTS BY THE UNITED STATES</u>

13. The covenant not to sue set forth in Section VIII (Covenant Not To Sue by Plaintiff) does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendants with respect to all other matters, including but not limited to:

a. liability for failure of Defendants to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. criminal liability;

d. liability, based upon Defendants' ownership or operation of the Site, or upon Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after the effective date of this Consent Decree; and

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

14. <u>United States Pre-Certification Reservations</u>.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                              9

order seeking to compel Settling Defendants (1) to perform response actions relating to the Site or (2) to reimburse the United States for additional costs of response if, prior to Certification of Completion of the remedial action selected in the Final OU2 ROD:

    (i)  conditions at the Property, previously unknown to EPA, are discovered, or

    (ii)  information concerning the Property, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

   15. <u>United States Post-Certification Reservations</u>.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (1) to perform response actions relating to the Site or (2) to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the remedial action selected in the Final OU2 ROD:

    (i)  conditions at the Property, previously unknown to EPA, are discovered, or

    (ii)  information concerning the Property, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

   16. For purposes of Paragraph 14, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the Final

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree       10

OU2 ROD was signed and set forth in the Final OU2 ROD and the administrative record supporting the Final OU2 ROD. For purposes of Paragraph 15, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the remedial action selected in the Final OU2 ROD, the administrative record supporting the Final OU2 ROD, and the post-Final OU2 ROD administrative record.

17. As soon as reasonably practicable after such a certification is possible, EPA will certify in writing that the remedial action selected in the Final OU2 ROD has been performed fully and that the performance standards have been attained. This certification shall constitute the Certification of Completion of the remedial action selected in the OU2 ROD for purposes of Paragraphs 14, 15, and 16, above.

## X. COVENANT NOT TO SUE BY DEFENDANTS

18. Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Nebraska Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

c. any claim against the United States pursuant to Sections 107 and 113 of

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                                    11

CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

19. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

20. Defendants agree not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other person that enters into a final settlement with EPA with respect to the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Defendants.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

21. Except as provided in Paragraph 20, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 20, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

22. The Parties agree, and by entering this Consent Decree this Court finds, that Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                              12

be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Defendants coming within the scope of such reservations.

23. Each Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XII.  SITE ACCESS/INSTITUTIONAL CONTROLS

25. Commencing on the date of lodging of this Consent Decree, Owner Settling Defendant agrees to provide the United States and its representatives, including EPA and its

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                    13

contractors, access at all reasonable times to the Property and to any other property owned or controlled by Defendants within the Site to which access is determined by EPA to be required for the implementation of this Consent Decree, or for the purpose of conducting any response activity related to the Site, including but not limited to:

      a. Monitoring of investigation, removal, remedial or other activities at the Site;

      b. Verifying any data or information submitted to the United States;

      c. Conducting investigations relating to contamination at or near the Site;

      d. Obtaining samples;

      e. Assessing the need for, planning, or implementing response actions at or near the Site;

      f. Assessing Defendants' compliance with this Consent Decree; and

      g. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Decree.

      26. Commencing on the date of lodging of this Consent Decree, Owner Settling Defendant shall refrain from using the Site, or other property where access and/or land/water use restrictions are needed to implement this Consent Decree, in any manner that would interfere with or adversely affect the implementation, integrity, or protectiveness of the remedial measures to be performed at the Site. The construction or installation of any new water wells on the Property (other than groundwater monitoring wells or remediation wells) shall be prohibited. Any existing water wells on the Property (other than groundwater monitoring wells) shall be abandoned, and such abandonment must be in accordance with State of Nebraska regulations. Any drilling, or similar intrusive activity which would disturb or interfere with any groundwater

contamination on the Property (other than installation of groundwater monitoring wells or remediation wells) shall be prohibited. The Property or any portion thereof shall not be used for any use other than industrial or commercial use, excluding child care facilities, which shall be prohibited. Neither PCE or TCE or any substance containing PCE or TCE shall be used or stored on the Property at any time. The excavation and drilling of soils located on the Property shall be prohibited without prior written approval of EPA or the Nebraska Department of Environmental Quality, except for minor excavations necessary to install, maintain or repair utility poles, fence posts, sidewalks, paving, and other comparable activities, as well as minor excavations necessary to maintain or repair existing underground utilities and minor excavations in connection with landscaping activities; any excavations shall be conducted in accordance with worker protection and soil disposal requirements as may be required by applicable laws and requirements.

27. Owner Settling Defendant shall execute and record in the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601, an easement, running with the land, that (I) grants a right of access for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 25 of this Consent Decree, and (ii) grants the right to enforce the land/water use restrictions listed in Paragraph 26 of this Consent Decree, or other restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be performed at the Site. Defendants shall grant access rights and the rights to enforce the land/water use restrictions to an appropriate grantee or grantees, as determined by EPA. Defendants shall, within 45 days of entry of this Consent Decree, submit to EPA for review and approval with respect to such property:

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                             15

a. A draft easement, in substantially the form attached hereto as Appendix B, that is enforceable under the laws of the State of Nebraska, and

b. A current title insurance commitment or report which shows title to the land described in the easement to be free and clear of all prior liens and encumbrances (except when those liens or encumbrances are approved by EPA).

Within 15 days of EPA's approval and acceptance of the easement and the title evidence, Defendants shall update the title search and, if it is determined that nothing has occurred since the effective date of the commitment to affect the title adversely, record the easement with the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601. Within 30 days of recording the easement, Defendants shall provide EPA with a final title insurance policy, or other final evidence of title acceptable to EPA, and a certified copy of the original recorded easement showing the clerk's recording stamps. If the easement is to be conveyed to the United States, the easement and title evidence (including final title evidence) shall be prepared in accordance with the U.S. Department of Justice Title Standards 2001, and approval of the sufficiency of title must be obtained as required by 40 U.S.C. § 255.

28. If Defendants are unable to obtain an agreement from the holder of a prior lien or encumbrance to release or subordinate such lien or encumbrance to the easement being created pursuant to this consent decree within 45 days of the date of entry of this Consent Decree, Defendants shall promptly notify the United States in writing, and shall include in that notification a summary of the steps that Defendants have taken to attempt to comply with Paragraph 27 of this Consent Decree. The United States may, as it deems appropriate, assist Defendants in obtaining access or land/water use restrictions, either in the form of contractual agreements or in the form of easements running with the land, or in obtaining the release or

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                                          16

subordination of a prior lien or encumbrance. Defendants shall reimburse the United States in accordance with the procedures in Section VI (Reimbursement of Response Costs), for all costs incurred, direct or indirect, by the United States in obtaining such access, land/water use restrictions, and/or the release or subordination of prior liens or encumbrances including, but not limited to, the cost of attorney time and the amount of monetary consideration paid or just compensation.

29. If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement the remedy selected in the OU1 ROD, the Interim OU2 ROD, or the Final OU2 ROD ensure the integrity and protectiveness thereof, or ensure non-interference therewith, Defendants shall cooperate with EPA's efforts to secure such governmental controls.

30. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. § 6927, and any other applicable statute or regulations.

31. Notice of Obligations to Successors-in-Title.

a. Within 15 days after entry of this Consent Decree, Owner Settling Defendant shall record a notice of the entry of this Consent Decree with the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601. Thereafter, each deed, title, or other instrument conveying an interest in the Property shall contain a notice stating that the Property is subject to this Consent Decree and shall reference this action's name, docket number, and Court in which this Consent Decree is entered, and any restrictions applicable to the property under this Consent Decree.

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                           17

b. The obligations of each Defendant with respect to the provision of access and the implementation of institutional controls under this Section shall be binding upon any and all Defendants and upon any and all persons who subsequently acquire any such interest or portion thereof (hereinafter "Successors-in-Title") in the Property. Within 15 days after the entry of this Consent Decree, the Owner Settling Defendant shall record at the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601, a notice of obligation to provide access under this Section (Site Access/Institutional Controls) and related covenants, if any. Each subsequent instrument conveying an interest to the Property shall reference the recorded location of such notice and covenants applicable to the Property.

c. The owner of the Property shall, at least 30 days prior to the conveyance of any such interest by such owner, give written notice of this Consent Decree to the grantee and written notice to EPA of the proposed conveyance, including the name and address of the grantee, and the date on which notice of the Consent Decree was given to the grantee. In the event of any such conveyance, the Defendants' obligations under this Consent Decree, including their obligation to provide or secure access pursuant to this Section (Site Access/Institutional Controls), shall continue to be met by Defendants. In no event shall the conveyance of an interest in the Property release or otherwise affect the liability of Defendants to comply with this Consent Decree.

## XIII. CERTIFICATION

32. By signing this Consent Decree, each Defendant certifies individually that, to the best of his or her knowledge and belief, he or she has:

a. conducted a thorough, comprehensive, good faith search for records, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                    18

the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

        b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Defendant regarding the Site; and

        c. fully complied with any and all EPA requests for information regarding the Site and Defendants' financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6927; and

## XIV. MODIFICATIONS

    33. This Consent Decree may be modified by mutual agreement of the Parties. Any such amendment shall be in writing and shall be signed by an authorized representative of the Parties. Unless otherwise provided in the amendment, the effective date of any such modification shall be the date on which the written modification or agreement is signed by EPA after signature of the Defendants' authorized representative. All modifications shall be incorporated into and become a part of this Consent Decree.

## XV. NOTICES AND SUBMISSIONS

    34. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree              19

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Defendants, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07430)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Gerhardt Braeckel
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 N. 5th Street
Kansas City, KS 66101

Nancy Johnson Swyers
Remedial Project Manager
Iowa-Nebraska Remedial Branch
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 N. 5th Street
Kansas City, KS 66101

As to Defendants:

Jay J. Jackson
Jackson Services, Inc.
Columbus, NE

## XVI. **RETENTION OF JURISDICTION**

35. This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Decree.

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                                    20

## XVII.  INTEGRATION/APPENDICES

36.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree:  Appendix A is the map of the Site; and Appendix B is a draft easement.

## XVIII.  LODGING AND OPPORTUNITY FOR  PUBLIC COMMENT

37.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Consent Decree without further notice.

38.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.  EFFECTIVE DATE

39.  The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XX.  SIGNATORIES/SERVICE

40.  Each undersigned representative of Defendants to this Consent Decree and the Deputy Section Chief of the Environmental Enforcement Section of the Environment and Natural Resources Division of the U.S. Department of Justice certifies that he or she is authorized to enter

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                              21

into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

41. Each Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

42. Each Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXI. **FINAL JUDGMENT**

43. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

44. Upon execution of this document, the original Consent Decree shall be returned to the United States Attorney's Office and a copy of the Consent Decree shall be maintained in the Clerk's Office.

SO ORDERED THIS __23__ DAY OF __June__ .

_____
United States District Judge

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                                    22

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>

<u>Jay J. Jackson, Kathleen M. Jackson and Jackson Services, Inc.</u>, relating to the 10th Street

Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 4|5|06

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-1447
Fax: 202-514-0097

Date: 4|24|06

MICHAEL J. McNULTY, Ohio Bar No. 0012176
ELIZABETH L. LOEB, Member of NY Bar
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-1210
Fax: 202-514-4180
Michael.mcnulty@usdoj.gov

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree

MICHAEL G. HEAVICAN
United States Attorney
District of Nebraska

Date: 4/28/06                    By: _Laurie Kelly_____
                                     LAURIE KELLY, MA Bar #557575
                                     Assistant United States Attorney
                                     District of Nebraska
                                     1620 Dodge Street, Suite 1400
                                     Omaha, NE 68102-1506
                                     Telephone: 402-661-3700, Fax: 402-661-3081
                                     laurie.kelly@usdoj.gov

Date: 4/25/06                        _Cecilia Tapia_____
                                     CECILIA TAPIA
                                     Acting Director, Superfund Division
                                     U.S. Environmental Protection Agency
                                     901 N. 5th Street
                                     Kansas City, KS 66101

Date: 4/24/2006                      _Gerhardt Braeckel_____
                                     GERHARDT BRAECKEL
                                     Assistant Regional Counsel
                                     U.S. Environmental Protection Agency
                                     901 N. 5th Street
                                     Kansas City, KS 66101
                                     (913) 551-7471

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree                    24

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v.

Jay J. Jackson, Kathleen M. Jackson and Jackson Services, Inc., relating to the 10th Street

Superfund Site.

FOR DEFENDANTS JAY J. JACKSON,
KATHLEEN M. JACKSON, and JACKSON
SERVICES, INC.

Date: 4/26/06

ELLEN GOLDMAN
CLARK GRANT

Date: 4/26/06

JAY J. JACKSON
Columbus, NE  68601

Date: 4/26/06

KATHLEEN M. JACKSON
Columbus, NE  68601

Date: 4/26/06

JACKSON SERVICES, INC.
Columbus, NE  68601

Agent Authorized to Accept Service on Behalf of Above-signed Parties:

Name:        _____

Title:         _____

Address:    _____

                  _____

                  _____

U.S. v. Jay and Kathleen Jackson, et al.
Consent Decree



10th Street Site
Columbus, Nebraska

10th Street Site Map

APPENDIX A - 10TH Street Site Map
U.S. v. Jay & Kathleen Jackson, et al.

17



### FIELD NOTES

At A, found 1/2" I.P., at surface of concrete street.
At B, found 1/2" I.B., at surface of concrete street.
At C, found 1" I.P., 0.5' deep. Said I.P. is not recorded and is 0.2'
    west of and 0.22" north of proper location.
At D, found monument well.
At E, found 3/4" I.P., inside 4" I.P., at surface of concrete street.

### DESCRIPTION

All of Lot 8 and the east 50 feet of Lot 7, Block 128, Original City of Columbus, Platte
County, Nebraska.

### SURVEYOR'S CERTIFICATE

I, Richard L. Ronkar, certify that I am a registered land surveyor of the State of Nebraska;
that this survey was made under my direction on April 23, 1982; and that the survey is true
and complete as shown, to the best of my knowledge; that all monuments set, together with
those found, are of the character and occupy the positions shown thereon, and are sufficient
to enable the survey to be retraced.

*Richard L. Ronkar*
Richard L. Ronkar, Nebraska L.S., No. 383

NEBRASKA
REGISTERED
LS-383
LAND SURVEYOR
RICHARD L. RONKAR

APPENDIX A- "Property"
U.S. v. Jay & Kathleen Jackson, et al.

## NOTICE OF ENVIRONMENTAL COVENANT

This Notice of Environmental Covenant is made this _____ day of _____, 2006, by and between JACKSON SERVICES, INC., a Nebraska Corporation ("Grantor"), and JAY J. JACKSON and KATHLEEN JACKSON, ("Holders/Grantees"), pursuant to the Nebraska Uniform Environmental Covenants Act, Neb. Rev. Stat. Sections 76-2601 to 76-2613 (Supp.2005) ("Act").

### RECITALS.

A.      WHEREAS, Grantor is the owner of real property located at 960 24th Avenue in the County of Platte, State of Nebraska, more particularly described as follows:

> Lot Eight (8) and the East 50 feet of Lot Seven (7), in Block One Hundred
> Twenty-Eight (128) of the Original City of Columbus, Platte County, Nebraska.
> (the "Property"); and

B.      WHEREAS, the Property is part of the 10th Street Superfund Site , which encompasses a contaminant plume, approximately 430 acres in size, currently located between about 23rd and 6th Streets from north to south and between about 17th Avenue and 32nd Avenue from east to west in Columbus, Platte County, Nebraska, and depicted more clearly on the map attached hereto as Exhibit 1, and placed on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B by publication at 55 Fed. Reg. 35502 Table 1 on August 30, 1990, and,

C.      WHEREAS, i) the Property is subject to environmental response action, pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*, ii) such response action is an "environmental response project" as defined by the Act, and iii) the United States Environmental Protection Agency is the "Agency" as defined by the Act; and

D.      WHEREAS, the Regional Administrator for EPA Region VII (EPA Regional Administrator) has selected environmental response actions for the Site in a Record of Decision for Operable Unit 1 (OU1 ROD) signed on February 23, 1995, an Interim Record of Decision for OU2 (OU2 Interim ROD) signed on September 20, 2001, and the Final Record of Decision for OU2 (OU2 Final ROD) signed on September 29, 2005; and

E.      WHEREAS, the administrative record for the environmental response actions reflected in this covenant is located at the Columbus Public Library in Columbus, Nebraska and the EPA Region VII Office at 901 N. Fifth Street, Kansas City, Kansas; and

F.      WHEREAS, the parties hereto have agreed, i) to grant a right of access over the Property to the Holders/Grantees for purposes of implementing, facilitating and monitoring the

source control and ground water remedies required by the EPA right of access, which right of access shall be perpetual unless terminated pursuant to Section 72-2610, and ii) to impose on the Property use restrictions as covenants that will run with the land for the purpose of protecting human health and the environment; and

G.      WHEREAS, Grantor wishes to cooperate fully with Holders/Grantees in the implementation of all environmental response actions required by EPA and performed at the Property;

NOW, THEREFORE:

1.   Grant: Grantor, on behalf of itself, its successors, and assigns, in consideration of the performance by the Holders/Grantees of environmental response actions required by EPA, does hereby covenant and declare that the Property shall be subject to the restrictions on use set forth below, and does give, grant and convey to the Holders/Grantees and their successors and assigns, with general warranties of title, i) the perpetual right to enforce use restrictions set forth below, and ii) an environmental covenant of the nature and character, and for the purposes hereinafter set forth, with respect to the Property.

2.   Purpose: It is the purpose of this instrument to convey to the Holders/Grantees real property rights, which will run with the land, and to give to EPA, the Agency, the right to enforce the use restrictions, as defined in Paragraph 3 below, in order to assure that the Property will be used only for purposes which are compatible with the remedy selected in the Records of Decision and to reduce the risk of exposure to contaminants for human health and the environment.

3.   Restrictions on Use: The following covenants, conditions, and restrictions apply to the use of the Property, run with the land, and are binding on the Grantor.

   a.    The Property shall not be used, developed or operated in any manner that violates any applicable state or federal laws, rules, and regulations and/or zoning requirements.

   b.    The Property shall not be used or developed in any manner that would interfere with or adversely affect the implementation, integrity, or protectiveness of the remedial measures performed pursuant to the Records of Decision for the 10th Street Superfund Site.

   c.    The construction or installation of any new water wells on the Property (other than groundwater monitoring wells or remediation wells) shall be prohibited.

   d.    Any drilling, or similar intrusive activity which would disturb or interfere with groundwater contamination on the Property (other than installation of groundwater monitoring wells or remediation wells) shall be prohibited.

2

e.   The Property or any portion thereof shall not be used for any use other than industrial or commercial use, excluding child care facilities, which shall be prohibited.

f.   The excavation and drilling of soils located on the Property shall be prohibited without prior written approval of EPA or the Nebraska Department of Environmental Quality, except for minor excavations necessary to install, maintain or repair utility poles, fence posts, sidewalks, paving, and other comparable activities, as well as minor excavations necessary to maintain or repair existing underground utilities and minor excavations in connection with landscaping activities and any excavations shall be conducted in accordance with worker protection and soil disposal requirements as may be required by applicable laws and requirements.

g.   Neither PCE or TCE or any substance containing PCE or TCE shall be used or stored on the Property at any time.

4.   Abandonment of Existing Wells:  Grantor shall abandon any existing water wells on the Property (other than groundwater monitoring wells) in accordance with State of Nebraska regulations.

5.   Amendment and Termination of Environmental Covenant By Consent:  This environmental covenant shall run with the land.  This environmental covenant may be amended or terminated by consent in accordance with and subject to the provisions of Neb. Rev. Stat. Section 76-2610 (Supp.2005). The modification or termination of this environmental covenant is not effective until the document evidencing consent of all necessary persons is properly recorded.

6.   Termination of Environmental Covenant: The covenant contained herein shall be deemed a covenant running with the land.  This environmental covenant is perpetual unless it is terminated pursuant to Neb. Rev. Stat. Section 76-2609 or Section 76-2610 (Supp.2005).

7.   Environmental Protection Easement:  Grantor hereby grants to Holders/Grantees and to the Agency and its contractors and designees an irrevocable permanent and continuing right of access at all reasonable times to the Property.  The purposes for such access are as follows:

a.  Conducting environmental response activities related to the Site;

b.  Monitoring of investigation, removal, remedial or other activities at the Site and verifying any data or information submitted to the United States;

c.  Obtaining samples and conducting investigations relating to contamination at or near the Site;

d.  Assessing the need for, planning, or implementing response actions at or near the Site;

3

e. Verifying that no action is being taken on the Property in violation of the terms of this instrument or of any federal or state environmental laws or regulations; and

f. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to the Consent Decree.

8.   Reserved Rights of Grantor:  Grantor hereby reserves unto itself and its successors, all rights and privileges in and to the use of the Property which are not incompatible with the restrictions, rights and easements granted herein.

9.   Rights of Entry:  Nothing in this document shall limit or otherwise affect the Grantees's rights of entry and access provided by law.  Nothing in this instrument shall limit or otherwise affect EPA's rights of entry and access or EPA's authority to take response actions under CERCLA, the National Contingency Plan, or other federal law.

10. No Public Access and Use:  No right of access or use by the general public to any portion of the Property is conveyed by this instrument.

11. Notice Requirement:  Grantor agrees to include in any instrument conveying any interest in any portion of the Property, including but not limited to, deeds, leases and mortgages, a notice which is in substantially the form set forth below.  Within thirty (30) days of the date any such instrument of conveyance is executed and its recording reference in the Platte County Register of Deeds.

NOTICE:  THE INTEREST CONVEYED HEREBY IS SUBJECT TO THE EFFECT OF AN ENVIRONMENTAL COVENANT, DATED _____2006, RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS OF PLATTE COUNTY, NEBRASKA ON _____, 2006 AT DEED BOOK _____ AND PAGE NUMBER _____ IN FAVOR OF, AND ENFORCEABLE BY, JAY J. JACKSON, KATHLEEN JACKSON AND THEIR SUCCESSORS AND ASSIGNS AND BY THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY.

12. Enforcement:  The Holders/Grantees  and the Agency shall be entitled to enforce the terms of this instrument by resort to specific performance or legal process.  All reasonable costs and expenses of Holders/Grantees and the Agency, including, but not limited to, attorneys' fees, incurred in any such enforcement action, shall be borne by Grantor or its successors in interest to the Property.  All remedies available hereunder shall be in addition to any and all other remedies at law or in equity.  Any forbearance, delay or omission by Holders/Grantees or the Agency to exercise its rights under this instrument in the event of a breach of any term of this instrument shall not be deemed to be a waiver by Holders/Grantees or the Agency of such term or of any subsequent breach of the same or any other term, or of any of the rights of Holders/Grantees or the Agency under this instrument.

4

13. Damages:  Holders/Grantees and the Agency shall be entitled to recover damages for violations for any terms of this instrument, or for any injury to the remedies required by EPA, to the public or to the environment protected by this instrument.

14. Agency: The Grantor on behalf of itself and its heirs, successors, transferees, and assigns and the Holders on behalf of itself and its successors, transferees, and assigns hereby agree that the EPA shall be the Agency under this Environmental Covenant.

15. Waiver of Certain Defenses:  Grantor hereby waives any defense of laches, estoppel or prescription.

16. Title Covenants:  Grantor hereby covenants to and with Holders/Grantees and its successors and assigns, that Grantor is lawfully seized in fee simple of the Property, that Grantor has a good and lawful right and power to sell and convey it, that the Property is free and clear of encumbrances, and that Grantor will forever warrant and defend the title thereto and the quiet possession thereof.

17. Notices:  Any notice, demand, request, consent, approval, or communication that any party desires or is required to give to any other shall be in writing and shall either be served personally or sent by first class mail, postage prepaid, addressed as stated below.

To Grantor:               To Grantees:
Jackson Services, Inc.     Jay J. Jackson
981 33RD Avenue        Kathleen Jackson
P.O. Box 706            30612 205th Avenue
Columbus, Nebraska 68602-0706   Columbus, NE 68601

To Agency:
USEPA, Region VII
Re: 10th Street Superfund Site
Jackson Services, Inc. (07CS OU1)
901 North 5th St.
Kansas City, Kansas 66101

To the Nebraska Department of Environmental Quality
Nebraska Department of Environmental Quality
Remediation Section
Suite 400, The Atrium
1200 N. Street
P.O. Box 98922
Lincoln, NE  68509-8922

5

To the City of Columbus
City Administrator
City of Columbus
2424 14th Street
Columbus, NE 68602-1677

18. General Provisions:

a. Controlling law – The interpretation and performance of this instrument shall be governed by the laws of the State of Nebraska.

b. Liberal construction – Any general rule of construction to the contrary notwithstanding, this instrument shall be liberally construed in favor of the grant to effect the purpose of protecting human health and the environment. If any provision of this instrument is found to be ambiguous, an interpretation consistent with the purpose of this instrument that would render the provision valid shall be favored over any other interpretation that would render it invalid.

c. Severability – If any provision of this instrument, or the application of it to any person or circumstance, or the application of such provisions to persons or circumstance, is found to be invalid, the remainder of the provisions of this instrument, or the application of such provisions to persons or circumstances other than those to which it is found to be invalid, as the case may be, shall not be affected thereby.

d. Entire Agreement – This instrument sets forth the entire agreement of the parties with respect to rights and restrictions created hereby, and supersedes all prior discussions, negotiations, understandings, or agreements relating thereto, all of which are merged herein.

e. No Forfeiture –Nothing contained herein will result in a forfeiture or reversion of Grantor's title in any respect.

f. Successors – The covenants, terms, conditions, and restrictions of this instrument shall be binding upon, and inure to the benefit of, the parties hereto and their respective personal representatives, heirs, successors, and assigns and shall continue as a servitude running in perpetuity with the Property. The term "Grantor", wherever used herein, and any pronouns used in place thereof, shall include JACKSON SERVICES, INC., a Nebraska Corporation, and its personal representatives, successors, and assigns. The term "Holders/Grantees", wherever used herein, and any pronouns used in place thereof, shall include Jay J. Jackson, and his personal representatives, heirs, successors, and assigns and Kathleen Jackson and her personal representatives, heirs,

6

successors and assigns.

g.   As provided in Neb. Rev. Stat. Section 76-2610 (Supp.2005), assignment of an environmental covenant to a new Holders is an amendment.  The Holders may not assign their interest without consent of the other parties.

h.   Captions – The captions in this instrument have been inserted solely for convenience of reference and are not a part of this instrument and shall have no effect upon construction or interpretation.

i.   Counterparts – The parties may execute this instrument in two or more counterparts, which shall, in the aggregate, be signed by all parties; each counterpart shall be deemed an original instrument as against any party who has signed it.  In the event of any disparity between the counterparts produced, the recorded counterpart shall be controlling.

TO HAVE AND TO HOLD unto JAY J. JACKSON, his successors, heirs and assigns forever and KATHLEEN JACKSON, her successors, heirs and assigns forever.

In witness whereof, Grantor has caused this Agreement to be signed in its name. Executed the ___ day of _____, 2006.


_____
For Jackson Services, Inc.
a Nebraska Corporation

STATE OF                              )
COUNTY OF                          )

The foregoing instrument was acknowledged before me on the ___ day of _____, 2006 by _____.


_____
Notary Public

This easement is accepted this ___ day of _____ 2006.

By Grantees/Holders:


_____              _____
Jay J. Jackson                               Kathleen Jackson

7

On behalf of the Agency:

United States Environmental Protection Agency, Region VII:

_____

Cecilia Tapia
Director
Superfund Division

8